RONALD Z. RICHEY, Plaintiff-Appellant v. ERIE INSURANCE GROUP *et al.*, Defendants-Appellees

Third District No. 3—02—0688

Opinion filed June 25, 2003.

Daniel G. O'Day, of Cusack, Fleming, Gilfillan & O'Day, P.C., of Peoria, for appellant.

Katherine S. Gorman Hubler, of Prusak & Winne, Ltd., of Peoria, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

The plaintiff, Ronald Z. Richey, filed a complaint against the defendants, Erie Insurance Group, Erie Insurance Exchange, and Erie Insurance Company (collectively, Erie), after Erie refused to pay Richey's insurance claim for damage to his boat and its motor. The trial court granted partial summary judgment to Erie. On appeal, Richey argues that the trial court erred as a matter of law by granting partial summary judgment to Erie. We affirm.

## FACTS

Richey's boat and its motor were insured by Erie. Richey's complaint stated that "[o]n or about July 24, 1999," he was boating on the Illinois River when the boat's "skeg, propeller and assembly holding the propeller" came into contact with "mud and other debris" under the surface of the water. Richey claimed that "[a]s a result of this collision, *** the underside of the housing for the propeller and attached assembly to the propeller was [*sic*] damaged and wrecked."

During Richey's deposition, he said that at the time of the collision, the boat was traveling "[m]aybe 15 miles an hour, if that." The boat then came to a stop in "[m]aybe 15-18 inches" of water. Richey turned the boat's motor off and got out of the boat to assess the damage. He determined that the boat's "outdrive" was imbedded in mud. Richey got back in the boat, started the motor, and attempted to free it from the mud by rocking it back and forth. He stated that in less than five minutes "all the warning buzzers were going off" on the motor. He could not recall whether the motor "shut itself down or if [he] shut it down."

In his complaint, Richey alleged that "mud and other debris blocked the water pick-up of the lower unit of the motor" as a result of the collision. He submitted after he restarted the motor, "[t]he water pump disintegrated and no longer provided coolant to the motor, thus damaging the motor irreparably." In his affidavit, Erie's "Material Damage Adjuster," Skip Rhea, "concluded the motor was pushed passed [sic] its limit when Mr. Richey attempted to dislodge [his boat] from the mud."

Richey then freed the boat from the mud by digging around it with an oar. Another boat that was passing Richey's location towed Richey and his boat back to the boat launch. At the boat launch, Richey could not restart the motor.

Richey paid for repairs to the propeller and gears and for replacement of the motor. Richey submitted an insurance claim to Erie, but Erie rejected the claim.

Erie's insurance policy states that Erie "will pay for direct and accidental loss of or damage to your insured property." The policy "applies to losses that occur during the policy period anywhere within the continental United States." An "occurrence" is defined as "an accident, including continuous or repeated exposure to the same general harmful conditions." An "accident" is defined as "a sudden, unforeseen, unintended event which causes *** damage." The policy excludes coverage for damage "confined to *** mechanical breakdown."

Richey filed his complaint against Erie, which moved for summary judgment. The trial court granted partial summary judgment to Erie. The court's order stated that "[t]he damage to the boat was caused by two separate occurrences." The court ruled that the occurrence that damaged the propeller was covered by Erie's policy, but it disallowed Richey's claim for the occurrence that damaged the motor. Richey appealed.

## ANALYSIS

Richey argues that the trial court erred as a matter of law by granting partial summary judgment to Erie.

■ Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 2000). We review a trial court's grant of summary judgment de novo. *Arangold Corp. v. Zehnder*, 204 Ill. 2d 142 (2003).

■ The construction of an insurance policy and its coverage are

questions of law, which are appropriate subjects for summary judgment. In construing an insurance policy, a court is to ascertain and enforce the intent of the parties as expressed by the words in the policy. To determine the intent of the parties and the meaning of the words used in the insurance policy, a court must construe the policy as a whole. If the words of the policy are plain and unambiguous, a court will give them their plain, ordinary meaning and will apply them as written. *Mutlu v. State Farm Fire & Casualty Co.*, 337 Ill. App. 3d 420, 785 N.E.2d 951 (2003).

■ In this case, the wording of Erie's policy showed that Erie only covered occurrences that were accidents. In turn, accidents must be unforeseen events that cause damage. Furthermore, Erie's policy excludes damage caused by mechanical breakdown. The words of Erie's policy are plain and unambiguous. Therefore, we will give the words of Erie's policy their plain, ordinary meaning and apply them as written.

Richey's boat collided with "mud and debris" under the surface of the water. The collision was an occurrence under Erie's policy because it was an accident, meaning that it was an unforeseen event that caused damage to the propeller and its assembly. When Richey stopped the boat's motor, got out of the boat, and restarted the motor, the ensuing damage to the motor was not part of the same occurrence that damaged the propeller and its assembly. It was foreseeable that irreparable damage to the motor would result when, after restarting the motor, Richey continued to use it until the water pump was destroyed and he heard the motor's "warning buzzers." Thus, the damage was foreseeable because of Richey's own actions, not the accident, and was not covered under the policy. Furthermore, under a plain reading of the insurance policy, coverage was also excluded as a "mechanical breakdown." There was no genuine issue of material fact that damage to Richey's boat motor was not covered under the plain and unambiguous terms of Erie's insurance policy. The trial court did not err as a matter of law by granting partial summary judgment to Erie.

## CONCLUSION

The judgment of the Peoria County circuit court is affirmed.

Affirmed.

BARRY and SLATER, JJ., concur.